# EXHIBIT 1

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

| | |
|---|---|
| REBECCA JACOBSEN, <br><br> PLAINTIFF, <br><br> v. <br><br> NATIONAL ENTERPRISE SYSTEMS, INC., <br><br> DEFENDANT. | Case No.: <br><br><br> JURY DEMAND |

## COMPLAINT

Plaintiff Rebecca Jacobsen, by and through the undersigned counsel, complains, states, and alleges for damages negligence and for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collections Practices Act, Fla Statute 559.55, *et seq.* ("FCCPA") against Defendant National Enterprise Systems, Inc., as follows:

### INTRODUCTION

1. This action seeks to recover for damages negligence and for violations of the FDCPA and the FCCPA.

2. The FDCPA was enacted to protect citizens from such abuses by debt collectors, like the ones described in this Complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair

1

debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014) (noting that "Congress passed the FDCPA in 1977 to stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" (internal quotation marks omitted)). To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act. *Id.* at 1258.

4. The 11th Circuit applies the "least-sophisticated consumer" standard. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010) (explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA).

5. Under the foregoing standard, a debt collector violates § 1692e by making a representation in a collection letter that would be deceptive or misleading to the "least sophisticated" recipient of the letter. *Id.* at 1193–95.

6. Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the "least sophisticated" debtor subjected to the practice. *Id.* at 1201.

7. The least-sophisticated consumer standard is intended to protect "all consumers, the gullible as well as the shrewd." *Id.* at 1194 (internal quotation marks omitted).

8. After Congress passed the FDCPA, the Florida State legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors and creditors. To this end, the Florida State legislature passed the FCCPA. The FCCPA is designed to protect consumers from harassment like the type described herein, and to protect consumers like the Plaintiffs. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

## JURISDICTION AND VENUE

9. This is an action for damages within the jurisdiction of this Court.

10. This is an action for damages that exceeds Eight Thousand Dollars ($8,000.00), but does not exceed Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs, and attorney's fees.

11. This Court also has jurisdiction over the Plaintiff's claim pursuant to Section 86.011, Florida Statutes.

12. Venue is also proper in Duval County, Florida pursuant to FL Stat. § 559.77(1) as a substantial part of the events or omissions giving rise to the claims occurred in this County and Plaintiff resided in this County at the time of the events.

13. This Court has jurisdiction over against defendant National Enterprise Systems, Inc. because it regularly transacts business within this County, derives substantial revenue from services rendered in this County, have committed tortious acts within this County and have caused injury to persons within this County as described herein.

## PARTIES

14. Plaintiff Rebecca Jacobsen ("Plaintiff") is an individual who is a citizen of the State of Florida residing in Duval County, Florida

15. Plaintiff is a natural person allegedly obligated to pay a debt.

16. Plaintiff is a "consumer" as defined by the FDCPA and FCCPA.

17. The alleged violations described in the Complaint with respect to Plaintiff occurred in Duval County, Florida.

18. Defendant National Enterprise Systems, Inc. ("NES") is a company existing under the laws of the State of Ohio, with its principal place of business in Solon, Ohio.

19. NES has transacted business within this state as is more fully set forth hereinafter in this Complaint.

4

20. NES regularly collects or attempts to collect debts asserted to be owed to others.

21. NES is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

22. The principal purpose of NES's business is the collection of such debts.

23. NES uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

24. NES is a "debt collector" as that term is defined by the Fla. Stat. § 559.55(5) and the 15 U.S.C. § 1692a(6).

25. At all material times herein, NES is a "person" subject to the FCCPA, Section 559.72. *See* Fla. Stat. § 559.55(3); Schauer v. General Motors Acceptance *Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

26. At all material times herein, NES's conduct, with respect to the debt complained of below, qualifies as "communication" as defined by the Fla. Stat. § 559.55 and the 15 U.S.C. § 1692a(2).

27. All necessary conditions precedent to the filing of this action occurred or Defendant waived or excused the same.

**FACTUAL ALLEGATIONS**

28. Plaintiff maintained a personal credit card account with Bank of America, N.A. ("BANA").

29. Due to financial difficulties, Plaintiff began to fall behind on payments owed on the account ("the alleged debt").

30. Thereafter, Plaintiff retained attorneys The Ferrer Law Firm, PA to represent her with respect to the alleged debt.

31. On April 26, 2023, and then on May 30, 2023, The Ferrer Law Firm, PA notified BANA of its representation of Plaintiff concerning the alleged debt and demanded that all further direct communications with Plaintiff concerning the alleged debt cease ("the Letters of Representation").

32. The Letters of Representation set forth Plaintiff's attorneys' name and address.

33. Thereafter, on an exact date known only to NES, the alleged debt was transferred, assigned, or otherwise placed with NES for the purposes of collection.

34. Notwithstanding the Letters of Representation, in an effort to collect the alleged debt, NES caused a letter dated June 8, 2023 (the "June Letter") to be sent to Plaintiff directly.

35. Plaintiff received and read the June Letter.

36. The Ferrer Law Firm, PA did not consent to NES's direct communication with Plaintiff.

37. NES did not send the June Letter to Plaintiff's attorney.

38. NES did not send any letters concerning the alleged debt to Plaintiff's

6

attorney prior to sending the June Letter.

39. NES did not attempt to communicate at all with Plaintiff's attorneys concerning the alleged debt prior to sending the June Letter.

40. It is standard practice for creditors to inform downstream entities, including debt collectors, of attorney representation letters and/or cease and desist letters received from consumers' attorneys.

41. It is standard practice, when debts are sold and/or assigned to downstream entities, including debt collectors, that such debts are identified as subject to attorney representation letters and/or cease and desist letters.

42. It is standard practice, when debts are sold and/or assigned in bulk portfolios to downstream entities, including debt collectors, that such portfolios are identified, either explicitly, or through an indicator in the portfolio's file name, as containing accounts that are subject to attorney representation letters and/or cease and desist letters.

43. NES had actual notice of the Letters of Representation.

44. NES had actual notice of the Letters of Representation either from the placement file or through a client portal provided to NES.

45. Alternatively, if NES did not have actual notice of the Letters of Representation, then NES was willfully blind to the fact that the alleged debt was subject to the Letters of Representation.

46. Alternatively, if NES did not have actual notice of the Letters of Representation, then NES was negligent and/or lacks sufficient policies and procedures in place to identify alleged debts that are subject to attorney representation letters and/or cease and desist letters.

47. NES has a pattern and practice of contacting consumers directly in attempts to collect alleged debts despite having actual notice of attorney representation letters and/or cease and desist letters related to the alleged debts.

48. NES has a pattern and practice of contacting consumers directly in attempts to collect alleged debts despite there being attorney representation letters and/or cease and desist letters from consumers' attorneys related to the alleged debts.

49. The acts of the NES as described herein were performed by NES or on NES's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "NES" herein shall mean NES or its owners, officers, agents, and/or employees.

50. NES's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from NES's conduct.

51. Plaintiff justifiably fears that, absent this Court's intervention, NES will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

52. Plaintiff justifiably fears that, absent this Court's intervention, NES will ultimately cause her unwarranted economic harm.

53. Plaintiff justifiably fears that, absent this Court's intervention, NES will ultimately cause her unwarranted harm to Plaintiff's credit rating.

54. Plaintiff justifiably fears that, absent this Court's intervention, NES will ultimately cause her to be sued.

55. NES has engaged in the complained of conduct hundreds, if not thousands, of times.

56. A favorable decision herein would serve to deter NES from further similar conduct.

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692c(a)(2) and 1692c(c)

57. Plaintiff repeats and realleges paragraphs 1 to 56 as if fully restated herein.

58. Plaintiff is a "consumer" as that term defined by the FDCPA.

59. NES is a "debt collector" as that term is defined by the FDCPA.

60. The alleged debt is a "debt" as that term is defined by the FDCPA.

61. The June Letter is a "communication" as that term is defined by the FDCPA.

62. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of

9

the FDCPA.

63. 15 U.S.C. § 1692c(a)(2), titled "Communication with the Consumer Generally," prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

64. As described herein, NES violated 15 U.S.C. § 1692c(a)(2).

65. A violation of 15 U.S.C. § 1692c(a)(2) has a close relationship to an invasion of privacy.

66. A violation of Section 15 U.S.C. § 1692c(a)(2) is an invasion of privacy.

67. NES invaded Plaintiff's privacy.

68. 15 U.S.C. § 1692c(c), titled "Ceasing Communication," prohibits a debt collector, subject to certain exceptions not relevant here, from communicating with a consumer in connection with the collection of any debt "[i]f a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer."

69. 15 U.S.C. § 1692c(c) further states, "[i]f such notice from the

10

consumer is made by mail, notification shall be complete upon receipt."

70. As described herein, NES violated 15 U.S.C. § 1692c(c).

71. A violation of 15 U.S.C. § 1692c(c) has a close relationship to an intrusion upon the rights to solitude and seclusion.

72. A violation of 15 U.S.C. § 1692c(c) is an intrusion upon the rights to solitude and seclusion.

73. NES intruded upon Plaintiff's rights to solitude and seclusion.

74. A violation of 15 U.S.C. § 1692c(c) also has a close relationship to interference with the attorney-client relationship.

75. A violation of Section 1692c(c) is an interference with the attorney-client relationship.

76. NES interfered with Plaintiff's and her attorney's attorney-client relationship.

77. For the foregoing reasons, NES violated 15 U.S.C. §§ 1692c(a)(2) and 1692c(c) and is liable to Plaintiff therefor.

## SECOND COUNT
## NEGLIGENCE AND NEGLIGENCE PER SE

78. Plaintiff repeats and realleges paragraphs 1 to 56 as if fully restated herein.

79. Violation of a statute that imposes a duty of care constitutes negligence per se.

80. NES owed Plaintiff a duty, or obligation, recognized by law.

81. The FDCPA creates a standard of care because it was designed to protect consumers like Plaintiff from the type of harm which occurred here and provides for a private right of action.

82. Plaintiff is within the class of persons protected by the FDCPA.

83. As previously set forth, NES's conduct violated the FDCPA and therefore breached the duty imposed by the statutory standard and constitutes negligence per se.

84. Independent of the FDCPA, creditors and debt collectors owe debtors a duty of reasonable care in the collection of debts.

85. NES owed a duty to Plaintiff to perform its attempted collection of Plaintiff's alleged debt with reasonable care.

86. NES owed a duty to Plaintiff to exercise reasonable care in contacting a represented consumer.

87. NES owed a duty to Plaintiff to exercise reasonable care in contacting a consumer who previously issued a cease-and-desist direction.

88. NES owed a duty to Plaintiff not to invade Plaintiff's privacy.

89. NES owed a duty to Plaintiff not to intrude upon Plaintiff's rights to solitude and seclusion.

90. NES owed a duty to Plaintiff not to interfere with Plaintiff and

Plaintiff's attorney's attorney-client relationship.

91. As described herein, NES breached these duties.

92. As a direct and proximate result of NES's negligence and negligence per se, Plaintiff suffered compensable harm and is entitled to recover actual, treble, exemplary, and punitive damages.

## THIRD COUNT
## Violation of § 559.72(18) of the FCCPA

93. Plaintiff repeats and realleges paragraphs 1 to 56 as if fully restated herein.

94. The Plaintiff is a "consumer" as that term defined by the FCCPA.

95. NES is a "debt collector" as that term is defined by the FCCPA.

96. The money sought from Plaintiff is a "debt" as that term is defined by the FCCPA.

97. The June Letter is a "communication" as that term is defined by the FCCPA.

98. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FCCPA.

99. Section 559.72(18) of the FCCPA states that a creditor shall not: *"Communicate with a debtor if the person knows that the debtor is represented by*

13

*an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…"*

100. As described herein, NES violated Section 559.72(18) of the FCCPA.

101. NES's violation of § 559.72(18) of the FCCPA renders it liable to Plaintiff for damages, costs, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against NES as follows:

a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

b. Awarding costs and attorneys' fees;

c. Any other and further relief as this Court deems just and equitable.

## JURY DEMAND

102. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereto respectfully requests judgment be entered:

a. Finding NES's actions violate the FDCPA; and
b. Statutory damages against NES pursuant to 15 U.S.C. § 1692k; and
c. The costs of this action and attorneys' fees awarded against NES pursuant to 15 U.S.C. § 1692k; and
d. Finding NES's actions violate the FCCPA; and
e. Statutory damages against NES pursuant to § 559.77(2) of the FCCPA; and
f. The costs of this action and attorneys' fees awarded against NES pursuant to Florida Stat. § 559.77(2); and

    g.    Awarding actual, treble, exemplary, and punitive damages on Plaintiff's negligence claims; and

    h.    Awarding pre-judgment interest and post-judgment interest to Plaintiffs; all together with

    i.    Such other and further relief that the Court determines is just and proper.

Dated: September 18, 2023

Respectfully Submitted,

/s/: *Jason Tenenbaum*
Jason Tenenbaum, Esq.
Tenenbaum Law Group, PLLC
1600 Ponce De Leon Blvd.
10th Floor
Coral Gables, FL 33134
PH: (305) 402-9529
FAX: (786) 292-1948

*Attorneys for Plaintiff*